# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3639

_____

Rick Lyn Shaddon,

      Appellant,

v.

United States of America,

      Appellee.

\*
\*
\*   On Appeal from the
\*   United States District Court
\*   for the Western District of
\*   Missouri.
\*
\*   [Not to be published]
\*
\*

_____

Submitted: July 22, 2002

Filed: August 2, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Rick Lyn Shaddon pleaded guilty to conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841, 846, and use of a weapon, 18 U.S.C. § 924(c), and was sentenced to consecutive sentences of fourteen years and five years respectively. His conviction and sentence were affirmed on appeal. United States v. Shaddon, 105 F.3d 663 (8th Cir. 1997) (unpublished). On collateral review, Mr. Shaddon's motion to vacate his sentence under 28 U.S.C. § 2255 was denied, and two additional motions, which were treated as successive motions under 28 U.S.C. § 2255, were both also denied. On

August 29, 2001, Mr. Shaddon, acting pro se, filed yet another motion, this one entitled, "Nunc Pro Tunc . . . Decree for a Specific Performance . . . as to the Correction for the Violation of Fed. R. Crim. P. 12(b)(2)." The District Court[1] denied the motion, and we affirm.

The essence of Mr. Shaddon's argument is that the indictment under which he was convicted was constitutionally defective because it did not specify the type or quantity of methamphetamine to which he eventually pleaded guilty and for which he was sentenced. Even if we put aside questions of the propriety of this proceeding, for which no certification from this Court was sought, it is clear that this claim is without merit. Mr. Shaddon waived his right to trial and pleaded guilty to distributing between three and ten kilograms of d-methamphetamine. Appellant's Appendix 65 (plea agreement). Mr. Shaddon also agreed that his offense had a base offense level of 34 under the Sentencing Guidelines. Id. Although it is true that a guilty plea does not cure a constitutionally defective indictment, in this case the indictment was not defective.

No constitutional, statutory, or case law requires that the indictment specify the amount or type of a particular drug. See, e.g., United States v. Bradford, 246 F.3d 1107, 1113 (8th Cir. 2001) ("If an indictment or jury verdict fails to specify the quantity of drugs involved, sentencing is limited by 21 U.S.C. § 841(b)(1)(C), which provides a statutory maximum penalty of twenty years . . ..").  Mr. Shaddon's fourteen-year sentence on the conspiracy to distribute charge was below the statutory maximum of twenty years for distribution of methamphetamine without regard to quantity or type.  21 U.S.C. § 841(b)(1)(C).  Thus, the District Court was correct in concluding that "Shaddon's indictment fairly set out the allegations against him and gave him adequate notice of the claims against which he had to defend." Shaddon v.

---

[1] The Hon. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

United States, No. 95-3008-01/04-CR-S-C, slip op. at 3 (W.D. Mo. Nov. 1, 2001). There was no error.

The petitioner places major reliance on ex parte Bain, 121 U.S. 1 (1887). The Supreme Court recently overruled this case. United States v. Cotton, 122 S. Ct. ____ (2002).

The decision of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.